**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3828-17T1

EUGENE NAPOLITANO,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted March 27, 2019 – Decided April 17, 2019

Before Judges Vernoia and Moynihan.

On appeal from the New Jersey Department of Corrections.

Eugene Napolitano, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Michael E. Vomacka, Deputy Attorney General, on the brief).

PER CURIAM

Eugene Napolitano, an inmate at Northern State Prison, appeals from the New Jersey Department of Corrections's (DOC) final agency decision finding he committed three prohibited acts. Based on our review of the record in light of the applicable law, we affirm.

On February 23, 2018, a DOC manager observed Napolitano and another inmate together in a bathroom stall. The manager escorted Napolitano and the other inmate into a hallway, where a search of Napolitano revealed a plastic bag containing white powder in one of his sneakers. Napolitano refused any further search of his person, screamed "No, No," pushed the manager, refused the manager's order to stay and ran away. As a result of Napolitano's actions, a count of the inmates was required and conducted, and Napolitano was found in a bathroom.

The following day, Napolitano was served with notice of disciplinary charges alleging he committed the following prohibited acts: *.002, assaulting any person, N.J.A.C. 10A:4-4.1(a)(1)(ii), *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility, N.J.A.C. 10A:4-4.1(a)(2)(xxix), and *.708, refusal to submit to a search, N.J.A.C. 10A:4-4.1(a)(2)(xxxv). On February 27, 2018, a hearing on the charges was adjourned at Napolitano's request for production of a video

2

recording of the incident giving rise to the charges and other information related to the charges. The \*.002 charge was amended to allege prohibited act .013, unauthorized physical contact with any person, N.J.A.C. 10A:4-4.1(a)(3)(ii), and the \*.708 charge was amended to allege prohibited act .256, refusing to obey an order of any staff member, N.J.A.C. 10A:4-4.1(a)(4)(iv).[1] Napolitano requested and was assigned a counsel substitute.

The following day, February 28, 2018, the hearing was again adjourned for the production of the video recording. On March 2, 2018, the hearing commenced before a disciplinary hearing officer. The video recording was reviewed by the hearing officer and Napolitano's counsel substitute. Napolitano pleaded guilty to the .256 charge, that he refused to obey the manager's order to remain in the hallway after the plastic bag was discovered. He submitted a statement denying he committed the other prohibited acts charged against him, .013 and \*.306, and requested leniency for his admitted commission of prohibited act .256.

---

[1] We reject Napolitano's assertion that the amendment of the charges establishes that the charges are based on evidence that is not credible. The amendment of charges is appropriate and authorized where "an incorrect prohibited act is cited in the disciplinary report but . . . the inmate may have committed another prohibited act." N.J.A.C. 10A:4-9.16(a). That is the precise circumstance supporting the amendment of two of the charges here.

Based on Napolitano's statements, the reports of the manager and officers involved in the investigation and the video recording, on March 5, 2018, the hearing officer determined Napolitano committed prohibited acts .013, .256 and *.306. The hearing officer found that after Napolitano was found with contraband in his sneaker,[2] he refused the manager's order to stay for a further search, pushed the manager and fled. The hearing officer also found defendant placed himself and other inmates at a risk of injury by running through the facility and requiring that staff chase him.

The hearing officer imposed ninety days of administrative segregation, a sixty-day loss of commutation time, a fifteen-day loss of radio and television privileges and a ten-day loss of recreation privileges on the .013 charge. The hearing officer merged the *.306 and .256 charges and imposed 180 days of administrative segregation, a 180-day loss of commutation time, a ten-day loss of radio and television privileges and a thirty-day loss of recreation privileges as a sanction.

---

[2] By February 27, 2018, the recovered contraband had been submitted to the New Jersey State Police for testing. The record shows that at the time the contraband was submitted, the State Police laboratory had a six to eight month backlog. No charges directly related to Napolitano's alleged possession of the contraband were submitted to the hearing officer, considered by the DOC or presented on appeal.

Napolitano appealed the hearing officer's decision. On March 15, 2018, the DOC upheld the hearing officer's determination, finding it "was based on substantial evidence and the sanction was proportionate in view of [Napolitano's] prior disciplinary history." This appeal followed.

On appeal, Napolitano presents the following arguments:

POINT I

THE DECISION OF THE HEARING OFFICER VIOLATES DUE PROCESS AND THEREFORE[] SHOULD BE VACATED.

(a) The Decision of the Departmental Hearing Officer Should be Vacated Because it was not Based Upon Substantial Credible Evidence.

(b) The Hearing Officer's Failure to Allow Appellant to Review the Video Recording Denied him of the Right to Consider the Evidence and Due Process.

Our standard of review of agency determinations is limited. See In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Review, 152 N.J. 197, 210 (1997); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not reverse the decision of an administrative agency unless it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." Stallworth, 208 N.J. at 194 (2011) (alteration in original) (citation omitted); accord Jenkins v. N.J. Dep't of Corr.,

A-3828-17T1

412 N.J. Super. 243, 259 (App. Div. 2010). Nonetheless, we must "engage in a 'careful and principled consideration of the agency record and findings.'" Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., Div. of Consumer Affairs, 64 N.J. 85, 93 (1973)).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). An inmate's more limited procedural rights, initially set forth in Avant v. Clifford, 67 N.J. 496, 525-46 (1975), are codified in a comprehensive set of DOC regulations, N.J.A.C. 10A:4-9.1 to -9.28. The regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams, 330 N.J. Super. at 203.

We are not persuaded by defendant's claim that his due process rights were violated because he was denied the opportunity to review the video recording of his actions that the hearing officer reviewed and relied upon to make the findings that Napolitano committed three prohibited acts. The argument is undermined by the record.

A-3828-17T1

The hearing was adjourned on two occasions, at least in part, because Napolitano requested the video recording. The DOC produced the recording and Napolitano's counsel substitute reviewed it with the hearing officer before the hearing concluded. Moreover, the record is bereft of any evidence Napolitano requested to review the recording, the DOC denied any request that either he or his counsel substitute be permitted to review it or Napolitano objected to proceeding with the hearing without personally reviewing the recording. Thus, there is no merit to Napolitano's claim he was denied his due process right to review the video recording.

Napolitano's other contention—that the evidence was insufficient to support the DOC's finding he committed prohibited acts—lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(e). We add only that defendant pleaded guilty to the .256 charge, and the various reports[3] and the video recording of the incident provide substantial evidence supporting the hearing officer's and the DOC's determination Napolitano committed the three prohibited acts for which he was sanctioned. See N.J.A.C. 10A:4-9.15(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Napolitano declined the DOC's offer to confront the witnesses to the incident upon which the charges were based. See N.J.A.C. 10A:4-9.14(a).

A-3828-17T1